IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAN F. BECKER,**

      **Petitioner,**

v.                                          Civil Action No. 5:07cv156
                                                  (Judge Stamp)

**WARDEN HUDSON,[1]**

      **Respondent.**

### OPINION/REPORT AND RECOMMENDATION

On December 3, 2007, the *pro se* petitioner initiated this case by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the Petitioner challenges a conviction and sentence imposed in the Holmes County Court of Common Pleas in Millersburg, Ohio. Moreover, the petitioner is currently incarcerated at the Mansfield Correctional Institution located in Mansfield, Ohio.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . ." 28 U.S.C. § 2241(d). Here, the petitioner's sentence of conviction was

---

[1] In this case, the petitioner names over 50 respondents. However, the only proper party respondent in a habeas action is the petitioner's custodian. See 28 U.S.C. §2243 ("[t]he writ of habeas corpus or order to show cause shall be directed to the person having custody of the person detained"); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[i]n habeas challenges to present physical confinement–'core challenges'--the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"). Thus, the only proper party respondent in this case is Warden Hudson, the Warden at Mansfield Correctional Institution.

imposed in Holmes County, Ohio, and he is currently incarcerated in Richland County, Ohio. Both of these counties are located within the Northern District of Ohio. There is absolutely no connection between the petitioner and this district. Accordingly, it is recommended that this case be **TRANSFERRED** to the United States District Court for the Northern District of Ohio for all further proceedings and that the case be terminated from this Court's active docket upon transfer.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 5, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE